**Charles Laurendine WHATLEY,**
**Plaintiff,**

v.

**MERIT DISTRIBUTION SERVICES,**
**et al., Defendants.**

**Margaret H. Whatley, as Administratrix of the Estate of her son, Tyler Eugene Whatley Plaintiff,**

v.

**Merit Distribution Services,**
**et al., Defendants.**

**No. CIV. A. 99–0166–CB–L,**
**CIV. A. 99–0167–CB–L.**

United States District Court,
S.D. Alabama,
Southern Division.

June 13, 2001.

Joseph M. Brown, Jr., George McCormick Dent, III, Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL, for plaintiff.

Donald F. Pierce, David P. York, Pierce, Ledyard, Latta, Wasden & Bowron, P.C., Mobile, AL, Michael D. Knight, McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, for defendants.

### ORDER

BUTLER, Chief Judge.

This matter comes before the Court on Defendant Merit's "Motion To Exclude Expert Testimony Of Kenneth Thompson And To Conduct Fed.R.Evid. 104(a) Hearing" (Docs.160–162), Defendant Merit's "Motion To Exclude Expert Testimony Of Dr. Harry Snyder And To Conduct Fed.R.Evid. 104(a) Hearing" (Docs.165–167), Defendant Merit's "Motion To Exclude Expert Testimony Of Dr. Charles Herlihy And To Conduct Fed.R.Evid. 104(a) Hearing" (Docs.171–173), Defendants Merit's "Motion To Strike Plaintiff's Supplemental Reports" (Doc. 174), Defendant Merit's "Motion To Exclude Expert Testimony Of Dr. Nathalie Hartenbaum And To Conduct Fed.R.Evid. 104(a) Hearing" (Docs.175–177), Defendant Merit's "Motion To Strike Affidavits And Reports Filed By Plaintiffs In Support Of Plaintiff's Response To Defendants' Motion For Summary Judgment" (Doc. 178), "Plaintiffs' Opposition To Defendants' August 3, 10, And 16 Motions To Strike Plaintiffs' Evidence" (Doc. 180), Plaintiffs' "Motion To Exclude Expert Testimony Of Elle Frances" (Doc. 181), Defendant Merit's "Motion To Exclude Expert Testimony Of David Stopper And To Conduct Fed.R.Evid. 104(a) Hearing" (Docs.182–184), "Plaintiffs' Motion For Leave To File Excerpts From Depositions Of Defendants' Experts In Opposition To Defendants' Motion For Summary Judgment" (Doc. 185), "Defendants' Response To Plaintiffs' Motion For Leave To Supplement Response To Defendants' Motion For Summary Judgment" (Doc. 189), Defendant Merit's "Motion To Exclude Expert Testimony Of Dr. Dennis Guenther And To Conduct Fed.R.Evid. 104(a) Hearing" (Docs.186–188), "Plaintiffs' Motion To Strike The Affidavit Of Stephen Flammersfeld" (Doc. 193), "Plaintiffs' Opposition To Defendants' Motion To Exclude Expert Testimony Of David Stopper" (Doc. 194), "Defendant[ ] Merit['s] Response To Plaintiffs' Motion To Strike Affidavit Of Stephen Flammersfeld" (Doc. 195), "Plaintiffs' Brief In Opposition To Defendants' Motion To Exclude Expert Testimony Of Dr. Dennis Guenther" (Doc. 197), "Defendant Merit's Objection To Plaintiffs' Witness List" (Doc. 218), and, "Objection Of Defendant Kenneth G. Robertson To Plaintiffs' Witness List" (Doc.

220).[1]

## I. *MOTIONS TO EXCLUDE*

### A. *Standard Of Review*

 The Federal Rules of Evidence govern the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 587, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); and, *Allstate Insurance Co. v. Hugh Cole Builder, Inc.,* 137 F.Supp.2d 1283, 1285–86 (M.D.Ala. 2001). "Under the federal rules, the trial judge serves a gatekeeping function, making both a 'relevance' and a 'reliability' determination, that is, disallowing expert testimony when it will not be helpful to the trier of fact or when it lacks a reliable foundation." *See id;* and, *Rudd v. General Motors Corp.,* 127 F.Supp.2d 1330, 1334 (M.D.Ala.2001). Notably, a trial judge carries out its role as gatekeeper by specifically applying Rule 702. Rule 702, as amended effective December 1, 2000,[2] provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Accordingly, under the amended Rule 702, this Court has an obligation to screen expert testimony to ensure it stems from a reliable methodology, sufficient factual basis, and reliable application of the methodology to the facts. *See Allstate,* 137 F.Supp.2d at 1285; and, *Rudd,* 127 F.Supp.2d at 1337.

Of course, this Court remains cognizant of the fact that the trial judge must still avoid usurping the role of the trier of fact in making such screening as:

> [amended Rule 702] is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.... [T]he rejection of expert testimony is the exception rather than the rule. Daubert did not work a seachange over federal evidence law, and the trial court's role as gatek-

---

1. This Order only cites to the docket numbers for these pleadings as set forth in CV 99–166, because the very same motions are duplicated in CV 99–167. As such, this Order, in ruling on these enumerated filings in CV 99–166, simultaneously rules upon those identical filings in CV 99–167. Moreover, as to Defendant Kenneth G. Robertson's "Adoption Of Motions Filed By Merit Distribution Services, Inc. And McLane Company, Inc. [to exclude testimony of Dr. Snyder and Kenneth Thompson]" (Doc. 170), "Adoption Of Motion To Exclude [testimony of Dr. Guenther]" (Doc. 190), "Adoption Of Co–Defendant's Motion [as to Drs. Herlihy and Hartenbaum]" (Doc. 196), and as to any other such filings by Robertson, it is hereby **ORDERED** that his adoptions are **NOTED.**

2. This Court recognizes that the Defendants filed their evidentiary motions before the amended rule went into effect, however, the amended Rule 702 governs all proceedings in civil cases pending December 1, 2000, "insofar as just and practicable," via *Orders of the Supreme Court of the United States Adopting and Amending Rules,* Order of April 17, 2000. Here, as many other courts have determined, this Court finds that it is "just and practicable" to use the amended Rule 702 to judge the admissibility of the testimony challenged by Defendants.

eeper is not intended to serve as a replacement for the adversary system. *Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.*

*See Allstate*, 137 F.Supp.2d at 1286 (quoting Rule 702 Advisory Committee Notes, 2000 amendment) (emphasis added); and, *Allison v. McGhan*, 184 F.3d 1300, 1311–12 (11th Cir.1999). Further, the United States Supreme Court has recently noted that "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■■■ First, in assessing reliability, this Court recollects the non-exclusive factors [3] set forth in *Daubert*, to aid in evaluating whether a particular scientific theory or study is reliable: 1) its empirical testability; 2) whether the theory or study has been published or subjected to peer review; 3) whether the known or potential rate of error is acceptable; and, 4) whether the method is generally accepted in the scientific community. *See Daubert*, 509 U.S. at 592–94, 113 S.Ct. 2786. Additionally, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), highlighted that the *Daubert* factors do not constitute a definitive test and "may or may not be pertinent in assessing reliability, depending on the nature

of the issue, the expert's particular expertise, and the subject of his testimony[,]" as "[a] trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 150, 152, 119 S.Ct. 1167. Secondly, this Court notes that the proponent of the expert testimony has the burden to establish by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied. *See Rudd*, 127 F.Supp.2d at 1334 (citing *Bourjaily v. United States*, 483 U.S. 171, 172–73, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)). Bearing these standards in mind, this Court finds as follows.

### B. *Application*

■■■ In support of their Opposition to the Defendants' motion for summary judgment, the Plaintiffs filed deposition testimony and documents, including those to which Defendant Merit has filed motions to exclude under *Daubert* and *Kumho Tire* and for which Defendant Merit has requested RULE 104(a) evidentiary hearings. After lengthy review of the submitted materials, this Court now categorically denies Defendants' requests, in their entirety.

Here, Defendants' motions request that this Court preclude the admission of substantial portions of Plaintiffs' evidence on the merits of the allegations of the Complaints. Defendants' motions, however, take what this Court construes as a "shotgun approach" to Plaintiffs' evidence, a la *Daubert*, without taking proper aim, as needed in such motions. This Court takes this opportunity to remind counsel that the

---

**3.** The Advisory Committee Cotes for Rule 702 further explain that the 2000 amendment, while intended as an endorsement of the *Daubert* conception of the trial judge as gatekeeper, was not intended to codify the specific *Daubert* factors and instead notes the factors use, in determining reliability, vary depending on the expert testimony. *See Allstate*, 137 F.Supp.2d at 1286.

exclusion of expert testimony is an *exception*, not the rule, for evidentiary admissions under *Daubert, Kumho Tire,* and the Federal Rules of Evidence.

Defendants' motions make insubstantial criticisms of Plaintiffs' experts that do not truly affect either a relevance or reliability determination-thus Defendants' motions lack substance under *Daubert.* All of the Defendants' motions ask this Court to overstep the bounds established by *Daubert* and its progeny, especially in this Circuit, as well as the Federal Rules of Evidence. Indeed, Defendants ask this Court to rely upon their assertions as grounds for exclusion, which this Court finds more appropriately pertain to matters for cross-examination of Plaintiffs' experts, or evidence that the Defendants may introduce contrary to Plaintiffs' evidence. Defendants' own grounds for exclusion of expert testimony under *Daubert,* which again, is the exception to the rule of admissibility, repeatedly reveal fact and evidence dependent assertions which, when applying the caution of the "vigorous cross" rule of thumb, are more appropriately addressed at trial.

Additionally, Plaintiffs' experts do not fall within the rubric of "junk science," as they appear to be qualified professionals with relevant expertise and experience in the recognized fields of experimental psychology and human factors engineering, commercial motor vehicle safety, occupational medicine, and psychiatry. After a review of the evidence in question and after due consideration to Defendants' motions and the arguments contained therein, the proffered testimony is not the type of problematic "pseudoscientific" expert evidence envisioned under *Daubert/Kumho Tire's* reliability criteria.

In sum, the Defendants' arguments go to the weight, rather than to the admissibility, of the expert testimony in question, and "[w]here the expert testimony 'rest[s] upon good grounds, based on what is known, it should be tested by the adversary process-competing expert testimony and active cross-examination-rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies.'" *See Senn v. Carolina Eastern, Inc.,* 111 F.Supp.2d 1218, 1222 (M.D.Ala.2000). Thus, the record before this Court reveals that vigorous cross-examination of these aforementioned experts, rather than their total exclusion, will more appropriately address the Defendants' concerns and objections.

## II. *EVIDENTIARY HEARING REQUESTS*

■ There is no automatic entitlement to an evidentiary hearing upon request. The Federal Rules of Evidence and the recent amendments thereto, make "no attempt to set forth procedural requirements for exercising the trial court's gatekeeping function over expert testimony[,]" and, indeed, "[h]earings on other preliminary matters shall be so conducted [only] when the interests of justice require." *See* RULE 702 Advisory Committee Notes, 2000 Amendment; and, RULE 104(c). Moreover, the Eleventh Circuit has held that "[a] trial court is entitled to make a decision on the admissibility of expert testimony without a hearing if the parties have presented a sufficient basis for the testimony." [4] The interests of justice do not require such a hearing for this case, as *Daubert* hearings are not required by law

---

4. *See United States v. Majors,* 196 F.3d 1206, 1215 (11th Cir.1999) (finding it was not an

or by rules of procedure and are typically held only when such a hearing would be "fruitful" for a case as well as a truly constructive use of the court's time and resources. *See e.g., City of Tuscaloosa v. Harcros Chemicals, Inc.,* 158 F.3d 548, 564 n. 21 (11th Cir.1998).

As such, this Court finds and it is hereby **ORDERED** that the above-styled parties' requests for RULE 104(a) hearings as to the aforementioned evidence is due to be **DENIED.**

### III. *ADDITIONAL EVIDENTIARY MOTIONS* [5]

#### A. *Supplemental Expert Reports*

█ Defendant Merit moves to strike portions of Plaintiffs' supplemental expert reports on the grounds of untimeliness.[6] (Doc. 174). Pursuant to the scheduling order in this case, the Plaintiffs were granted until June 1, 2000, to have their expert reports supplemented; the Defendants were provided until June 8, 2000, to disclose their expert reports; and the discovery completion date was set for June 16, 2000.[7] (Doc. 133). However, Defendants assert that Plaintiffs served Defendant Merit with the supplemental opinions of Dr. Dennis Guenther on June 2, 2000, and those of Dr. Charles Herlihy on July 20, 2000. Even though Plaintiffs technically failed to comply with this Court's deadline, this Court does not find such action fatal *under the specific circumstances of this case,* and further because there was merely a two (2) day delay in receiving Dr. Guenther's supplemental report and Dr. Herlihy's report simply responded to a remark of Defendants' own expert (Dr. Tuenis Zondag) (thus just a rebuttal of Defendants' expert testimony).

Further, even though the Defendants contend that the supplemental reports of Drs. Guenther and Herlihy are due to be

---

abuse its discretion to admit expert testimony without the benefit of a *Daubert* hearing), *cert. den.,* 529 U.S. 1137, 120 S.Ct. 2022, 146 L.Ed.2d 969 (2000); *City of Tuscaloosa,* 158 F.3d at 564 n. 21 (11th Cir.1998) (concluding that while complicated cases involving multiple expert witnesses may be well-served by the holding of a *Daubert* hearing, such hearings are not required by law or by rules of procedure); JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE, §§ 702.02[2], 702.05[2][a] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.2000) (noting that it is within the trial judge's discretion whether to hold an admissibility hearing); and, *Kumho Tire,* 526 U.S. at 152, 119 S.Ct. 1167 (holding that a trial court has authority to avoid unnecessary proceedings and consumption of a court's time, "in ordinary cases where the reliability of an expert's methods is properly taken for granted"); and, *see generally, Rudd,* 127 F.Supp.2d at 1334 (M.D.Ala.2001).

5. Defendants Merit's "Motion To Strike Plaintiff's Supplemental Reports" (Doc. 174), Defendant Merit's "Motion To Strike Affida-

vits And Reports Filed By Plaintiffs In Support Of Plaintiff's Response To Defendants' Motion For Summary Judgment" (Doc. 178), "Plaintiffs' Motion To Strike The Affidavit Of Stephen Flammersfeld" (Doc. 193), and, "Defendants Merit and McLane's Response To Plaintiffs' Motion To Strike Affidavit Of Stephen Flammersfeld" (Doc. 195), and the Plaintiffs' responses thereto.

6. Additionally, Defendant Merit contends that the Plaintiffs' supplemental reports contained information outside the scope of their RULE 26 report.

7. This discovery completion deadline was later moved to June 30, 2000; moreover, this Court notified the above-styled parties that after that date, the parties *may depose any remaining experts by their own agreement,* but that this Court would not be available to resolve any discovery disputes. (Doc. 138). However, this reveals that discovery was in fact continued past the original cutoff date.

stricken, this Court disagrees and finds that the parties will not be unduly prejudiced by such supplemental opinions. This is true especially in light of the continuances of this matter, the way in which discovery has proceeded in this case, and due to the fact that Defendants have not only since had ample time to review these supplemental opinions but also because Defendants have themselves filed detailed evidentiary motions to exclude, as to these experts regarding the admissibility of their testimony.

Accordingly, because these same objections were included in the Defendants' motions to exclude, which this Order addresses herein, this Court finds and it is hereby **ORDERED** that Defendant Merit's motion to strike is due to be **DENIED**.

### B. *Affidavits/Reports*

Defendant Merit's "Motion To Strike Affidavits And Reports Filed By Plaintiffs In Support Of Plaintiff's Response To Defendants' Motion For Summary Judgment" (Doc. 178), requests that this Court strike various affidavits and reports to Plaintiffs RULE 26 expert reports of Dennis Guenther ("Guenther"), Natalie Hartenbaum ("Hartenbaum"), Charles Herilhy ("Herlihy"), Harry Snyder ("Snyder"), David Stopper ("Stopper"), and, Kenneth Thompson ("Thompson"). However, as noted *supra*, Defendants filed motions for these same experts, for evidentiary hearings under RULE 104(a) and to exclude their reports under RULES 403 and 702 and *Daubert*.

As such, because these objections were essentially included in the Defendants' motions to exclude, which this Order addresses, this Court finds and it is hereby **ORDERED** that Defendants' motions are due to be **DENIED**.

### C. *Affidavit of Stephen Flammersfeld ("Flammersfeld")*

Plaintiffs request this Court strike the affidavit of Flammersfeld primarily because the cut-off date the Defendant to identify expert witnesses was May 25, 2000; the discovery cut-off date was June 16, 2000; at no time until the notice of filing of Flammersfeld's Affidavit on October 5, 2000, did the Defendants name him as a witness or expert witness. (Doc. 193 at 1–2). However, due to the special nature of discovery in this case and the continuances of dates for discovery and trial, both parties have had ample time since the Defendants' notice of filing of Flammersfeld's Affidavit, within which to address the any pretrial concerns as to his testimony and cure any discovery problems, so that no prejudice to either party results. Moreover, because this testimony goes solely to impeachment, the temporal nature of its disclosure was not prejudicial under RULE 26.

Thus, this Court finds and it is hereby **ORDERED** that Plaintiffs' motion is due to be **DENIED**.

### D. *Witness List*

Defendants object to the Plaintiffs' witness list as set forth in the October 18, 2000, Pretrial Order. (Doc. 218 and 220). Specifically, Plaintiffs designated as witnesses Otis Jones, Jimmy Burleson, Mark Sena, and Don Thomas, who were not disclosed by the Plaintiffs during their initial disclosures nor at any other time prior to the filing of the Pretrial Order.

Pursuant to this Court's scheduling order, these witnesses should have been identified by the Plaintiffs prior to the discovery cut off date. However, although these witnesses were not identified at the appropriate time, this Court finds it is not

fatal. Due the specific nature of this case in the way that discovery has proceeded, Defendants have since had ample time within which to address any concerns as to these witnesses.

As such, this Court finds and it is hereby **ORDERED** that Defendant's [8] motion is due to be **DENIED**.

### IV. *CONCLUSION*

In light of the foregoing, especially as this Court is particularly mindful of its evidentiary duties since *Kumho Tire* had its origins before the undersigned, this Court further finds and it is hereby **ORDERED** that the aforementioned motions are due to be **DENIED** with one exception: this Court **GRANTS** "Plaintiffs' Motion For Leave To File Excerpts ..." (Doc. 185).

---

8. Defendant Robertson's corresponding motion, adopting the arguments contained in Defendant Merit's own motion, is considered **NOTED**.